THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALFRED HARDING, Appellant, v. ARTHUR S. MAUDLIN, Sheriff of Westchester County, New York, Respondent.— Order dismissing writ of habeas corpus unanimously affirmed. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. S. C. LaVINE, INC., Respondent, v. WILLIAM E. WALSH and Others, Constituting the Board of Appeals of the City of New York, and Another, Appellants.— Order sustaining writ of certiorari and annulling determination of the board of appeals unanimously affirmed, with costs. We uphold the practice adopted by the Special Term in taking testimony in order properly to dispose of the litigation. Such procedure is fully authorized by subdivision 4 of section 719-a of the charter;* and, indeed, its exercise was requested in the return made by the board of appeals. Upon the record before us, we make a finding of fact that the enforcement of the strict letter of the Zoning Resolution would work unnecessary hardship to the relator; and as a conclusion of law we hold that the case is one for a variance under and pursuant to section 20 of the Zoning Resolution.† Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ. Settle order on notice.

JULIA C. ROWN, Respondent, v. CHARLOTTE D. KELLY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ.

JACOB RUDEN and Another, Copartners, etc., Appellants, v. LOUIS SALTZMAN, Respondent.— Judgment reversed on the law and the facts, and a new trial granted, with costs to appellants to abide the event. At the close of plaintiffs' case the evidence presented a question of fact to be determined by the jury on the issues presented by the pleadings, whether the goods were delivered as claimed by plaintiffs, and as indicated by the receipted delivery slips signed by defendant's agent admitted in evidence and thereafter erroneously stricken out. There was also evidence that plaintiffs had delivered their bill, that defendant had asked for a week's delay in paying it, and later offered to pay if plaintiffs would deduct ten per cent. Whether plaintiffs' former driver was telling the truth about over-weight was also for the jury. Plaintiffs should have been allowed more latitude in examining this witness to ascertain the real reason for his alleged return to honest dealing. It is remarkable that any such system of overcharging and overweighing on every delivery from April up to the time defendant changed to another butcher could have prevailed without defendant's knowledge. The learned judge said the evidence in plaintiffs' case was " incredible " on the merits, and that he would not submit it to the jury. It does not seem " incredible " on the record before us, and in any event such matters are to be determined by the jury. Kelly, P. J., Rich, Jaycox, Kelby and Kapper, JJ., concur.

---

* See Greater New York charter (Laws of 1901, chap. 466), § 719-a, subd. 4, as added by Laws of 1916, chap. 503. Since amd. and superseded by N. Y. Local Laws of 1925, No. 13, § 6.— [REP.

† See Building Zone Resolution of 1916, § 20, as amd.; Cosby's Code of Ordinances (Anno. 1924), pp. 636, 637; now Building Zone Resolution of 1924, § 21, as amd.; Cosby's Code of Ordinances (Anno. 1925), p. 651.— [REP.